UMPQUA VALLEY AUDUBON SOCIETY; Umpqua Watersheds; the North Umpqua Foundation; Steamboaters; Oregon Natural Resources Council; Pacific Rivers Council; American Rivers, Petitioners—Appellants,

v.

FEDERAL ENERGY REGULATORY COMMISSION; Ann M. Veneman; Dale N. Bosworth; United States Forest Service, Respondents—Appellees,

**Pacificorp, Respondent—Intervenor.**

No. 04–72600.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 3, 2005.

Decided Sept. 1, 2005.

Kristen L. Boyles, Esq., Earthjustice Legal Defense Fund, Seattle, WA, for Petitioners–Appellants.

Robert H. Solomon, Deputy Solicitor, FERC–Federal Energy Regulatory Commission, Ann M. Veneman, Dale N. Bos-

worth DOJ–U.S. Department of Justice Environment & Natural Resources Division, Washington, DC, Jocelyn Somers, Esq., Department of Agriculture Office of General Counsel, Portland, OR, for Respondents–Appellees.

Michael A. Swiger, Washington, DC, for Respondent–Intervenor.

Before THOMPSON, T.G. NELSON, and WARDLAW, Circuit Judges.

### MEMORANDUM *

This petition collaterally challenges the decision of the Federal Energy Regulatory Commission to issue a relicensing order for the North Umpqua Hydropower Project. Umpqua Valley Audubon Society and other environmental groups (collectively "the Society") challenge: (1) the Forest Service's decision no longer to issue a Record of Decision for conditions it provides pursuant to Federal Power Act § 4(e) ("4(e) conditions"),[1] (2) the Service's failure to prepare an environmental impact statement ("EIS"), and (3) the Service's 4(e) conditions submitted to FERC for inclusion in the license. We have jurisdiction under 16 U.S.C. § 825*l* (b) over all these claims, and we affirm.

■ As an initial matter, we have jurisdiction under the Federal Power Act to resolve the Society's challenges under the Administrative Procedure Act[2] to the Service's decision no longer to issue a Record of Decision for its 4(e) conditions.[3] We have previously held that challenges based on 4(e) conditions are a permissible collateral attack on a FERC licensing order.[4] Although the Society's challenge is one step removed from being a challenge to the 4(e) conditions themselves, the challenge is still collateral because the resolution of the procedural challenge would affect the legality of the 4(e) conditions. Accordingly, we have jurisdiction to reach the Society's Administrative Procedure Act challenges.

■ As to the merits of the Society's challenges, the rules contained in the Service's Manual and Handbook are interpretative rules that do not require notice and comment.[5] Nor was the Society's rule change arbitrary and capricious. The Service explained that it made its policy decision no longer to issue a separate Record of Decision because FERC is the appropriate agency to complete the National Environmental Policy Act[6] analysis regarding its decision to issue a license. The Service also explained that this change would harmonize its approach with that of other agencies involved in the relicensing process. Lastly, the Service stated that the public would still have the opportunity to comment publicly on and to appeal the Service's 4(e) conditions as part of the FERC licensing process. Because the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 16 U.S.C. § 797(e).

2. 5 U.S.C. §§ 500, *et seq.*

3. *See Skokomish Indian Tribe v. United States,* 410 F.3d 506, 512 n. 4 (9th Cir.2005) (en banc) (explaining that the Federal Power Act grants jurisdiction to the courts of appeal to

review collateral attacks on a FERC licensing decision).

4. *Cal. Save Our Streams Council, Inc. v. Yeutter,* 887 F.2d 908, 912 (9th Cir.1989).

5. *See W. Radio Servs. Co. v. Espy,* 79 F.3d 896, 901 (9th Cir.1996).

6. 42 U.S.C. §§ 4321, *et seq.*

Service has provided a legally sound and plausible explanation for its decision, its decision is not arbitrary and capricious.[7] Accordingly, we uphold the Service's policy decision no longer to issue a Record of Decision covering its 4(e) conditions.

■ Contrary to the Society's assertions, the Service was not required to conduct an independent EIS covering its 4(e) conditions because the Service was entitled to rely on FERC's EIS.[8] Additionally, the Service's 4(e) conditions are not an irretrievable commitment of resources, which requires an EIS.[9]

■ Finally, the Service's 4(e) conditions themselves are not arbitrary and capricious. FERC undertook a review of the dam removal option and found non-removal to be the better choice. Moreover, the Service's own studies showed that other conditions short of dam removal would positively enhance the North Umpqua river basin. Thus, contrary to the Society's position, the Service's 4(e) conditions do not contradict its experts' opinions. Rather, the Service simply selected an option short of dam removal. Because the record reflects that the Service's 4(e) conditions were an adequate alternative to outright dam removal, we uphold those conditions.[10]

**AFFIRMED.**

---

7. *See W. Radio,* 79 F.3d at 900.

8. *See LaFlamme v. FERC,* 945 F.2d 1124, 1127 (9th Cir.1991).

9. *Bob Marshall Alliance v. Hodel,* 852 F.2d 1223, 1225 (9th Cir.1988).

10. *W. Radio,* 79 F.3d at 900 (explaining that we may not second guess an agency's choice among permissible options as long as the choice was based on evidence before the agency).